UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JULIUS MITTELMAN, and
LISA MITTELMAN,

                         Plaintiffs,

     - against -

COUNTY OF ROCKLAND,
THE TOWN OF CLARKSTOWN,
JOHN DOE 1 – 10, the name being fictitious, the actual
names being unknown, in there individual and official capacity
as Town of Clarkstown Police Department,
LT. MICHAEL SULLIVAN, and
SGT. JOANNE BROGNA, in there individual and official
capacity as Town Of Clarkstown Police Department,
JANE DOE, the name being fictitious, the actual name being
unknown, in her individual and official capacity as an
employee of the Rockland County Correctional Facility

                    Defendants.
------------------------------------------------------------------x

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

INDEX NO. 07-CV-6382

**Plaintiff Demands Jury Trial**

Plaintiffs, **JULIUS MITTELMAN** and his daughter, **LISA MITTELMAN** by and through their attorneys, **LENIHAN & ASSOCIATES**, for their First Amended Complaint respectfully allege the following:

## NATURE OF THE ACTION

1    This civil rights action arises from the unlawful arrest, the brutal and excessive use of force, and malicious prosecution of the charges brought against the plaintiff, **JULIUS MITTELMAN** and **LISA MITTELMAN** by the defendants stemming from an incident which occurred on July 13, 2004. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201 and

compensatory and punitive damages for violation of their civil rights pursuant 42 U.S.C. § 1983.

## JURISDICTION

2   This action arises under the Fourth Amendment to the United States Constitution as derived through the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

3   Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1343(3) and (4).  This Court has supplemental jurisdiction of State law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4   Venue in this, the Southern District of New York, is proper under Title 28 U.S.C. § 1391(b).  All defendants reside in this District, and the events giving rise to the claim asserted herein occurred within the District.

## PARTIES

5   At all times relevant to this action, plaintiffs **JULIUS MITTELMAN** and **LISA MITTELMAN** were and remain residents of the Town of Clarkstown, State of New York.

6   At all times relevant to this action, defendants, **LT. MICHAEL SULLIVAN (SULLIVAN)**, badge number, unknown, and **SGT. JOANNE BROGNA (BROGNA)**, badge number, unknown, were duly appointed and acting police officers in the Town of Clarkstown Police Department.

7   At all times relevant to this action, defendants, **JOHN DOE 1 - 10** were duly

appointed and acting police officers in the Town of Clarkstown Police Department.

8   At all times relevant to this action, defendant **JANE DOE,** the name being fictitious, was an employee of the Rockland County Correctional Facility.

9   Defendant, **COUNTY OF ROCKLAND** is a political subdivision within the New York State. Pursuant to the laws of New York, **COUNTY OF ROCKLAND** has established and maintains the Rockland County Correctional Facility.

10  Defendant **TOWN of CLARKSTOWN** is a Municipal Corporation within New York State. Pursuant to its Charter, the **TOWN of CLARKSTOWN** has established and maintains the Town of Clarkstown Police Department as a constituent department or agency.

11  Plaintiffs sue defendants, **SULLIVAN, BROGNA, JOHN DOE 1 – 10,** and **JANE DOE** in their individual and official capacities.

12  At all times relevant, the individual Defendant's were agents, servants, and employees acting within the scope of their employment.

13  At all times relevant, the individual Defendant's were acting under color of state law.

### THE FACTS UNDERLYING
### PLAINTIFF'S CLAIM FOR RELIEF

14  On July 13, 2004, at approximately 1:00 p.m. at 8 Hemptor Road, New City, New York in the Town Of Clarkstown, plaintiff **JULIUS MITTELMAN** observed an uninformed, unidentified male, now known to be Arthur Arciola,

a Town of Clarkstown employee, on his property cutting trees which were owned by the Plaintiff and located on his premises.

15 Arthur Arciola wore no clothing that identified him as an employee of defendant **TOWN OF CLARKSTOWN**. **JULIUS MITTELMAN** inquired of Arciola and asked him to identify himself and the purpose of his presence on the property. Arciola ignored Plaintiff and continued to destroy Plaintiff's property.

16 **JULIUS MITTELMAN** asked Arciola to cease cutting the branches of the trees, to which Arciola told **JULIUS MITTELMAN** to "shut up." **JULIUS MITTELMAN** then told Arciola that he is a retired police officer and he could have him arrested for cutting his trees.

17 After watching these events unfold from inside the house, **LISA MITTELMAN** went outside at which time she observed Arciola with a long pruning pole approach **JULIUS MITTELMAN** and then place the pruning part towards **JULIUS MITTELMAN**' genital region stated "if you don't leave I'll prune your testicles."

18 At this point **JULIUS MITTELMAN** backed away and subsequently turned and walked away. While walking back up his driveway **JULIUS MITTELMAN** told **LISA MITTELMAN** that Arciola refused to stop pruning the trees and had acted in an insolent and threatening manner toward him. **LISA MITTELMAN** told her dad "forget about it" as it appeared that the man was finished what he was doing. Both **JULIUS MITTELMAN** and **LISA MITTELMAN** returned to the

house.

19 Not long thereafter, **LISA MITTELMAN** while backing out of the driveway, in an attempt to leave for graduate school, was stopped at the end of the driveway when defendant, **BROGNA**, a Sergeant with the Clarkstown Police Department, blocked her exit.

20 **BROGNA** exited her car and approached **LISA'S MITTELMAN** car and demanded to know who **LISA MITTELMAN** was and where she was going. **LISA MITTELMAN** told **BROGNA** that she lived here and she was going to school. **LISA MITTELMAN** then asked **BROGNA** what was going on.

21 **BROGNA** told **LISA MITTELMAN** that they where there in response to a report, that the man who lived here had a shotgun and was going to shoot this man, point to Arciola.

22 **LISA MITTELMAN** told **BROGNA** that her father did not have a shotgun or any other guns, and also she told the **BROGNA** that she was a witness to the events and her father never said he was going to shoot anyone.

23 **BROGNA** for no reason or just cause pulled **LISA MITTELMAN** from her car and forced her arms into the air, frisking her, all the while **LISA** was telling **BROGNA** she was hurting her, to which the **BROGNA** replied "scream as loud as you want no one is going to hear you." **BRONGA** arrested **LISA MITTELMAN,** by handcuffing her behind her back and put her in a police car to be transported to police headquarters, all without any due cause or justification.

24  Just prior to **LISA MITTELMAN** being transported to police headquarters, more officers from the Clarkstown Police Department, headed by defendant **SULLIVAN**, dressed in SWAT gear, arrived at the MITTELMAN's house. While some officers took up positions surrounding the house others forced neighbors from their house in an effort to gain a tactical position to arrest **JULIUS MITTELMAN**.

25  While being held for over six hours at police headquarters, **LISA MITTELMAN** repeatedly told the police that **JULIUS MITTELMAN** did not have a shotgun at the house and the call regarding **JULIUS MITTELMAN'S** threats was incorrect and exaggerated. Moreover, in response to the police threats that they were going to storm the house, **LISA MITTELMAN** offered her house key to the police; who refused her assistance.

26  Consequently, after several hours of staking out the house, the police without obtaining a warrant and without consent or prior notice, entered **JULIUS MITTELMAN'S** house by force, breaking windows and doors, shooting approximately 14 projectiles with some type of gas into the residence to arrest **JULIUS MITTELMAN**.

27  **JULIUS MITTELMAN**, while working in his attic, was shocked when he saw four men dressed in black clothing pointing guns at him. Without identifying themselves, these men forced **JULIUS MITTELMAN'S** arms behind his back, placing him in great pain, and handcuffed him, even after being told of his medical condition that prevented such movement.

28  JULIUS MITTELMAN, while still handcuffed behind his back, was forced to crawl between rafters to exit an unfinished attic. However, because he was not moving fast enough, these men decided to drag JULIUS MITTELMAN across the wood beams causing injuries to his legs and placing him in greater pain, causing him to cry out.

29  After dragging JULIUS MITTELMAN from his home, he was placed in a police car and transported to the Clarkstown Police Headquarters. Without leaving the police car, JULIUS MITTELMAN was then transported to the Nyack Hospital. While at the hospital JULIUS MITTELMAN was told by a police officer that as a condition for his release he had to submit to blood and urine testing. JULIUS MITTELMAN consented; all tests proved negative for drugs and alcohol.

30  After leaving the Nyack Hospital, JULIUS MITTELMAN was transported to the Robert L. Yager Health Center, where he was seen by Dr. Iqbal Sheikh. After examining JULIUS MITTELMAN, Dr. Sheikh determined that JULIUS MITTELMAN did not present a risk of harm to himself or others.

31  On or about July 14, 2004, JULIUS MITTELMAN was transported to Rockland County Correctional Facility. While there, JANE DOE, an employee of the Defendant COUNTY determined that JULIUS MITTELMAN was to be removed from suicide watch, based upon information and belief on the finding of Dr. Sheikh.

32  Later that day, JULIUS MITTELMAN was arraigned in Town of Clarkstown

Court on the charges of: Obstruction of Government Administration in the Second Degree in violation of Penal Law §195.05; Resisting Arrest in violation of Penal Law § 205.30 and; Harassment in the Second Degree in violation of Penal Law § 240.26(1).

33  In addition to the $7,500 bail, the court issued a "stay away" order of protection, forbidding **JULIUS MITTELMAN** from any contact with both plaintiffs, **LISA MITTELMAN** and **JULIUS MITTELMAN'S** wife. The court further ordered that **JULIUS MITTELMAN** again be evaluated by a doctor. **JULIUS MITTELMAN** protested, telling the court that he was already evaluated and found to be fine.

34  Unable to post bail, **JULIUS MITTELMAN** was transported back to the Rockland County Correctional Center. While in the Rockland County Correctional Center **JULIUS MITTELMAN** observed defendant, **SULLIVAN** entering the office of **JANE DOE**, a Rockland County Correctional employee. After **SULLIVAN** emerged from **JANE DOE'S** office, **JANE DOE** changed **JULIUS MITTELMAN'S** diagnosis to bipolar.

35  Because of **JANE DOE'S** undiagnosed and unauthorized change in **JULIUS MITTELMAN** diagnosis and status, that same day, **JULIUS MITTELMAN** was transported, three and half hours, to the Central New York Psychiatric Center, where he underwent an unnecessary psychiatric evaluation.

36  After being confined in the psychiatric center for about (7) seven days it

was determined that **JULIUS MITTELMAN** was not bipolar; rather, just stressed as a result of the abuse he was put through.

37  On or about July 20, 2004, **JULIUS MITTELMAN** was transported back to the Rockland County Correctional Center and thereafter on or about July 21, 2004 **JULIUS MITTELMAN** was released on $7,500 bail.

38  On November 20, 2005, **JULIUS MITTELMAN** appeared in Clarkstown Town Court at which time the charges of Resisting Arrest and Obstruction of Governmental Administration were dismissed. Immediately thereafter, a bench trial proceeded on the remaining charge of Harassment in the Second Degree and on November 22, 2005, the Court found **JULIUS MITTELMAN** not guilty.

## COUNT I

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

39  Plaintiffs repeat and incorporate Paragraphs 1- 38 into Count I, with the same force and effect as if set forth herein.

40  By means of the actions described above the individual defendants, and each of them, deprived **JULIUS MITTELMAN** of their rights secured by the United States Constitution, including, but not limited to, the right to be free from excessive and unreasonable force.

41  The use of force on **JULIUS MITTELMAN** was unnecessary and excessive,

not reasonably justified by the circumstances and employed for no proper purpose.

42  As a consequence thereof, **JULIUS MITTELMAN** has been injured.

## COUNT II

### SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

43  Plaintiffs repeat and incorporate, Paragraphs 1-38 into Count II, with the same force and effect as if set forth herein.

44  By means of the actions described above the individual defendants, and each of them, deprived **JULIUS MITTELMAN** of their rights secured by the United States Constitution, including, but not limited to, the right to be free from excessive and unreasonable force.

45  The use of force on **JULIUS MITTELMAN** was unnecessary and excessive, not reasonably justified by the circumstances and employed for no proper purpose.

46  As a consequence thereof, **JULIUS MITTELMAN** has been injured.

## COUNT III

## THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

47   Plaintiffs repeat and incorporate Paragraphs 1 - 38 into Count III, with the same force and effect as if set forth herein.

48   By means of the actions described above the individual defendants, and each of them, deprived **JULIUS MITTELMAN** of his rights secured by the United States Constitution, including, but not limited to, the right to be free from unreasonable searches and seizures.

49   The Defendant's search and seizure of **JULIUS MITTELMAN** was unreasonable, excessive, not justified by the circumstances and employed for no proper purpose.

50   The arrest of **JULIUS MITTELMAN** was unreasonable, unnecessary and excessive, not justified by the circumstances and employed for no proper purpose.

51   As a consequence thereof, **JULIUS MITTELMAN** has been injured.

## COUNT IV

## FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

52   Plaintiffs repeat and incorporate Paragraphs 1 - 38 into Count IV, with the same force and effect as if set forth herein.

53   By means of the actions described above the individual defendants, and each of them, deprived **JULIUS MITTELMAN** of their rights secured by the New York Constitution, including, but not limited to, the right to be free from unreasonable searches and seizures.

54   The Defendant's search and seizure of **JULIUS MITTELMAN** was unreasonable, excessive, not justified by the circumstances and employed for no proper purpose.

55   The arrest of **JULIUS MITTELMAN** was unreasonable, unnecessary and excessive, not justified by the circumstances and employed for no proper purpose.

56   As a consequence thereof **JULIUS MITTELMAN** has been injured.

## COUNT V

## FIFTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

57   Plaintiffs repeat and incorporate Paragraphs 1 - 38 into Count V, with the same force and effect as if set forth herein.

58   By means of the actions described above the individual defendants, and each of them, deprived **LISA MITTELMAN** of his rights secured by the United States Constitution, including, but not limited to, the right to be free from unreasonable searches and seizures.

59   The Defendant's search and seizure of **LISA MITTELMAN** was unreasonable, excessive, not justified by the circumstances and employed for no proper purpose.

60   The arrest of **LISA MITTELMAN** was unreasonable, unnecessary and excessive, not justified by the circumstances and employed for no proper purpose.

61   As a consequence thereof, **LISA MITTELMAN** has been injured.

## COUNT VI

### SIXTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

62   Plaintiffs repeat and incorporate Paragraphs 1 - 38 into Count VI, with the same force and effect as if set forth herein.

63   By means of the actions described above the individual defendants, and each of them, deprived **LISA MITTELMAN** of their rights secured by the New York Constitution, including, but not limited to, the right to be free from unreasonable searches and seizures.

64   The Defendant's search and seizure of **LISA MITTELMAN** was unreasonable, excessive, not justified by the circumstances and employed for no proper purpose.

65   The arrest of **LISA MITTELMAN** was unreasonable, unnecessary and excessive, not justified by the circumstances and employed for no proper purpose.

66   As a consequence thereof **LISA MITTELMAN** has been injured.

## COUNT VII

### SEVENTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

67  Plaintiffs repeat and incorporate Paragraphs 1 - 38 into Count VII, with the same force and effect as if set forth herein.

68  By means of the actions described above defendants, **THE TOWN OF CLARKSTOWN, JOHN DOE 1 – 10, LT. MICHAEL SULLIVAN** and **SGT. JOANNE BROGNA**, deprived **JULIUS MITTELMAN** his rights secured by United States Constitution, including, but not limited to, the right to be free from unreasonable searches and seizures.

69  The Defendants' warrantless and uninvited entry into the plaintiff **JULIUS MITTELMAN** home was unreasonable, excessive, not justified by the circumstances and employed for no proper purpose.

70  As a consequence thereof **JULIUS MITTELMAN** has been injured.

**WHEREFORE**, judgment is respectfully demanded:

a. Awarding **JULIUS MITTELMAN** such compensatory damages as the jury may determine, but not less than the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS;

b. Awarding **LISA MITTELMAN** such compensatory damages as the jury

may determine, but not less than the amount of ONE HUNDRED THOUSAND DOLLARS;

c. Awarding both Plaintiffs punitive damages such as the jury may impose;

d. Awarding attorney's fees and costs and

e. such other relief as to this Court seems just, proper and equitable.

Dated: White Plains, NY
       December 11, 2007

James Michael Lenihan JL-9282
Attorney for Plaintiffs
235 Main Street
White Plains, New York 10601
(914) 949-8855