Edward M. Ross (EMR -1700)
Megan F. Carroll (MFC - 3824)
ROSENBERG CALICA & BIRNEY LLP
*Attorneys for The Town of Clarkstown, Lt.*
*Michael Sullivan and Sgt. Joanne Brogna*
100 Garden City Plaza
Suite 408
Garden City, New York 11530
(516) 747-7400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

JULIUS MITTLEMAN and LISA MITTLEMAN,                    **ANSWER TO**
                                                        **FIRST AMENDED**
                                Plaintiffs,             **COMPLAINT**
                                                       _____

            -against-                                  Case No. 07 Civ. 6382
                                                       Judge Conner
COUNTY OF ROCKLAND, THE TOWN OF
CLARKSTOWN, JOHN DOE 1-10, the name being fictitious,
the actual names being unknown, in their individual and official
capacity as Town of Clarkstown Police Department, LT.
MICHAEL SULLIVAN and SGT. JOANNE BROGNA, in their
individual and official capacity as Town of Clarkstown Police
Department, Jane Doe, the name being fictitious, the actual
name being unknown, in her individual and official capacity as
an employee of the Rockland County Correctional Facility,

                                Defendants.
-----------------------------------------------------------------------------X

        Defendants THE TOWN OF CLARKSTOWN, LT. MICHAEL SULLIVAN and SGT.

JOANNE BROGNA, by their attorneys ROSENBERG CALICA & BIRNEY LLP, answer the

First Amended Complaint (the "Complaint") as follows:

        1.      Admit the allegations contained in paragraph 1 thereof to the extent they describe

the nature of the action, deny that the action is meritorious and deny each and every remaining

allegation contained in paragraph 1 of the Complaint.

        2.      Neither admit nor deny the allegations contained in paragraph 2 thereof on the

basis that said paragraph contains no factual allegations, and respectfully refer all questions of law to the Court. To the extent an answer to the allegations is required, deny the allegations to the extent they conflict with law.

3.     Neither admit nor deny the allegations contained in paragraph 3 thereof on the basis that said paragraph contains no factual allegations, and respectfully refer all questions of law to the Court. To the extent an answer to the allegations is required, deny the allegations to the extent they conflict with law.

4.     Neither admit nor deny the allegations contained in paragraph 4 thereof on the basis that said paragraph contains no factual allegations, and respectfully refer all questions of law to the Court. To the extent an answer to the allegations is required, deny the allegations to the extent they conflict with law.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 thereof.

6.     Admit the allegations contained in paragraph 6 thereof.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 thereof.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 thereof.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 thereof.

10.     Admit the allegations contained in paragraph 10 thereof.

11.     Neither admit nor deny the allegations contained in paragraph 11 thereof on the

basis that said paragraph contains no factual allegations, and respectfully refer all questions of law to the Court.  To the extent an answer to the allegations is required, deny the allegations to the extent they conflict with law.

12.     Neither admit nor deny the allegations contained in paragraph 12 thereof on the basis that said paragraph contains no factual allegations, and respectfully refer all questions of law to the Court.  To the extent an answer to the allegations is required, deny the allegations to the extent they conflict with law.

13.     Neither admit nor deny the allegations contained in paragraph 13 thereof on the basis that said paragraph contains no factual allegations, and respectfully refer all questions of law to the Court.  To the extent an answer to the allegations is required, deny the allegations to the extent they conflict with law.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 thereof.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 thereof.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 thereof.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 thereof.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 thereof.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 19 thereof, except admit that on or about July 13, 2004, when trying to secure the scene, members of the Clarkstown Police Department prevented a car, the occupants of which were then unknown, from being driven off the premises located at 8 Hemptor Road, Clarkstown, New York.

20.     Deny the allegations contained in paragraph 20 thereof, except admit that members of the Clarkstown Police Department, including Sgt. Joanne Brogna, approached an occupied vehicle in the driveway of the premises located at 8 Hemptor Road, Clarkstown, New York in order to ascertain the identity of the occupant and to secure the scene.

21.     Deny the allegations contained in paragraph 21 thereof, except admit that Lisa Mittelman was informed that the Clarkstown Police Department had received a report that Julius Mittelman had threatened to shoot a Town Highway Department employee, who was later identified as Arthur Arciola.

22.     Deny the allegations contained in paragraph 22 thereof.

23.     Deny the allegations contained in paragraph 23 thereof, except admit that Lisa Mittelman was taken into protective custody and was taken to police headquarters where she was reunited with her mother.

24.     Deny the allegations contained in paragraph 24 thereof, except admit that the members of the Clarkstown Police Department's Critical Incident Response Team ("CIRT") were on the scene by approximately 2:30 p.m. and that members of the Clarkstown Police Department took necessary precautions to secure the scene, including, inter alia, evacuating civilians from the area.

25.     Deny the allegations contained in paragraph 25 thereof.

4

26.      Deny the allegations contained in paragraph 26 thereof, except admit that after exhaustive efforts to contact Julius Mittelman by telephone and loudspeaker failed, CIRT officers, believing they had heard a gun shot and fearing that Julius Mittelman was an imminent danger to himself and others, fired cap stun canisters into the residence and attempted to gain entry to the residence with the use of a garage door opener provided for that purpose by Alice Mittelman.  Defendants further admit that after finding that the garage door opener was inoperable, CIRT officers forced the garage door to gain entry to the residence.

27.      Deny the allegations contained in paragraph 27 thereof, except admit that CIRT officers, who eventually located Julius Mittelman hiding in a remote part of the attic, identified themselves, instructed Mr. Mittelman to leave the attic and forced him to do so only after he ignored and refused to comply with their instructions.

28.      Deny the allegations contained in paragraph 28 thereof.

29.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 29 thereof.  Deny the remaining allegations contained in paragraph 29 thereof, except admit that Julius Mittelman was taken into custody and transported to Nyack Hospital for medical clearance and then to the Rockland County Department of Mental Health, Dr. Robert L. Yeager Health Center (the "Health Center") for evaluation.

30.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 thereof, except admit that Julius Mittelman was transported to the Health Center after being released from Nyack Hospital.

31.      Deny knowledge or information sufficient to form a belief as to the truth of the

5

allegations contained in paragraph 31 thereof, except admit, upon information and belief, that Julius Mittelman was transported to the Rockland County Correctional Facility on or about July 14, 2004.

32.     Upon information and belief, admit the allegations contained in paragraph 32 thereof.

33.     Deny knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 33 thereof, except admit, upon information and belief, that bail was set, Julius Mittelman was ordered to undergo additional medical evaluations, and Julius Mittelman was served with an order of protection on or about July 14, 2004.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 thereof, except admit, upon information and belief, that Julius Mittelman was transported to the Rockland County Correctional Facility on or about July 14, 2004.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 thereof, except admit, upon information and belief, that Julius Mittelman was transported to the Health Center on or about July 14, 2004.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 thereof.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 thereof.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 thereof.

6

## ANSWERING COUNT ONE

39.     With respect to the allegations in paragraph 39 thereof, repeat and reallege their previous answers to the preceding paragraphs of the Complaint as if fully set forth hereat.

40.     Deny the allegations contained in paragraph 40 thereof.

41.     Deny the allegations contained in paragraph 41 thereof.

42.     Deny the allegations contained in paragraph 42 thereof.

## ANSWERING COUNT TWO

43.     With respect to the allegations contained in paragraph 43 thereof, repeat and reallege their previous answers to the preceding paragraphs of the Complaint as if fully set forth hereat.

44.     Deny the allegations contained in paragraph 44 thereof.

45.     Deny the allegations contained in paragraph 45 thereof.

46.     Deny the allegations contained in paragraph 46 thereof.

## ANSWERING COUNT THREE

47.     With respect to the allegations contained in paragraph 47 thereof, repeat and reallege their previous answers to the preceding paragraphs of the Complaint as if fully set forth hereat.

48.     Deny the allegations contained in paragraph 48 thereof.

49.     Deny the allegations contained in paragraph 49 thereof.

50.     Deny the allegations contained in paragraph 50 thereof.

51.     Deny the allegations contained in paragraph 51 thereof.

## ANSWERING COUNT FOUR

52.     With respect to the allegations contained in paragraph 52 thereof, repeat and reallege their previous answers to the preceding paragraphs of the Complaint as if fully set forth hereat.

53.     Deny the allegations contained in paragraph 53 thereof.

54.     Deny the allegations contained in paragraph 54 thereof.

55.     Deny the allegations contained in paragraph 55 thereof.

56.     Deny the allegations contained in paragraph 56 thereof.

## ANSWERING COUNT FIVE

57.     With respect to the allegations in paragraph 57 thereof, repeat and reallege their previous answers to the preceding paragraphs of the complaint as if fully set forth hereat.

58.     Deny the allegations contained in paragraph 58 thereof.

59.     Deny the allegations contained in paragraph 59 thereof.

60.     Deny the allegations contained in paragraph 60 thereof.

61.     Deny the allegations contained in paragraph 61 thereof.

## ANSWERING COUNT SIX

62.     With respect to the allegations contained in paragraph 62 thereof, repeat and reallege their previous answers to the preceding paragraphs of the complaint as if fully set forth hereat.

63.     Deny the allegations contained in paragraph 63 thereof.

64.     Deny the allegations contained in paragraph 64 thereof.

65.     Deny the allegations contained in paragraph 65 thereof.

8

66.     Deny the allegations contained in paragraph 66 thereof.

## ANSWERING COUNT SEVEN

67.     With respect to the allegations contained in paragraph 67 thereof, repeat and reallege their previous answers to the preceding paragraphs of the complaint as if fully set forth hereat.

68.     Deny the allegations contained in paragraph 68 thereof.

69.     Deny the allegations contained in paragraph 69 thereof.

70.     Deny the allegations contained in paragraph 70 thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

71.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

72.     The Complaint is barred, in whole or in part, by applicable Statutes of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73.     The Complaint is barred, in while or in part, because plaintiffs were careless and negligent with respect to the matters alleged in the Complaint and that such carelessness and negligence proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74.     Defendant Town of Clarkstown is not liable for any acts or omissions that were/are not undertaken pursuant to Town policy, custom or practice.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75.     Plaintiffs' claims against the individual defendants are barred, in whole or in part, by the doctrines of qualified immunity and/or absolute immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

77.     Plaintiffs lack standing to assert some or all of their claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

78.     To the extent plaintiffs purport to assert any claims arising under state law, plaintiffs' claims are barred, in whole or in part, by state law and common law doctrines of immunity applicable to officials, governmental entities and/or governmental subdivisions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

79.     To the extent plaintiffs purport to assert any claims arising under state law, plaintiffs have failed, in whole or in part, to comply with the conditions precedent set forth in N.Y. Gen. Mun. L. 50-e et seq.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

80.     Plaintiffs' prayer for punitive damages against the Town, and against defendants Sullivan and Brogna in their official capacity, is barred as a matter of law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

81.    Plaintiffs' claims against defendants Sullivan and Brogna in their official capacities are duplicative and redundant, as a matter of law, with plaintiffs' claims against the defendant Town of Clarkstown.

**WHEREFORE**, defendants Town of Clarkstown, Lt. Michael Sullivan and Sgt. Joanne Brogna demand judgment dismissing the Complaint in its entirety and granting said defendants such other and further relief as the Court deems just and proper, including costs and fees.

Dated: Garden City, New York
       January 15, 2008

ROSENBERG CALICA & BIRNEY LLP

By: _____s/ Megan F. Carroll_____
      Edward M. Ross (EMR-1700)
      Megan F. Carroll (MFC -3824)
*Attorneys for Defendants Town of
Clarkstown, Lt. Michael Sullivan and
Sgt. Joanne Brogna*
100 Garden City Plaza, Suite 408
Garden City, New York 11530
(516) 747-7400

TO:    James Michael Lenihan, Esq.
       LENIHAN & ASSOCIATES
       *Attorneys for Plaintiffs*
       235 Main Street
       White Plains, New York 10601
       (914) 949-8855

       Eric Dranoff, Esq.
       SARETSKY KATZ DRANOFF & GLASS, L.L.P.
       *Attorneys for Defendant Rockland County*
       475 Park Avenue South, 26th Floor
       New York, New York 10016

G:\CLARKSTOWN\Mittleman\Legal\Answer 010708.wpd

11