UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JULIUS MITTLEMAN, and
LISA MITTLEMAN,

                                      Plaintiffs,

    - against -

COUNTY OF ROCKLAND, JOHN DOE1-10, the name being fictitious, the actual names being unknown, in their individual and official capacity as Town of Clarkstown Police department, LT. MICHAEL SULLIVAN, and SGT. JOANNE BROGNA, in their individual and official capacity as the town of Clarkstown Police department, JANE DOE, the name being fictitious, the actual name being unknown, in her individual capacity as an employee of the Rockland County correctional facility,

                                      Defendants.
-----------------------------------------------------------------------X

Case No. 07-Civ.-6382
(WCC)

**ANSWER**

**Defendant, County of Rockland Demands a Jury Trial**

    Defendant THE COUNTY OF ROCKLAND, by its attorneys SARETSKY KATZ DRANOFF & GLASS, L.L.P., as and for its answer to the First Amended Complaint, state upon information and belief:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the First Amended Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the First Amended Complaint, and respectfully refer all questions of law to this Honorable Court.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the First Amended Complaint, and respectfully refer all questions of law to this Honorable Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the First Amended Complaint, and respectfully refer all questions of law to this Honorable Court.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the First Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the First Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the First Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the First Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the First Amended Complaint except admits that the County of Rockland is a political subdivision and the Rockland County Correctional Center is maintained by the Office of the Sheriff.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the First Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the First Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the First Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the First Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the First Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the First Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the First Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the First Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the First Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the First Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the First Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the First Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the First Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the First Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the First Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the First Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the First Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the First Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the First Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the First Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the First Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the First Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the First Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the First Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the First Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the First Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the First Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the First Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the First Amended Complaint.

## COUNT I

39. Repeats and realleges each denial or admission contained in paragraphs 1 though 38.

40. Denies the allegations contained in paragraph "40" of the First Amended Complaint.

41. Denies the allegations contained in paragraph "41" of the First Amended Complaint.

42. Denies the allegations contained in paragraph "42" of the First Amended Complaint.

## COUNT II

43. Repeats and realleges each denial or admission contained in paragraphs 1 though 42.

44. Denies the allegations contained in paragraph "44" of the First Amended Complaint.

45. Denies the allegations contained in paragraph "45" of the First Amended Complaint.

46. Denies the allegations contained in paragraph "46" of the First Amended Complaint.

## COUNT III

47. Repeats and realleges each denial or admission contained in paragraphs 1 though 46.

48. Denies the allegations contained in paragraph "48" of the First Amended Complaint.

49. Denies the allegations contained in paragraph "49" of the First Amended Complaint.

50. Denies the allegations contained in paragraph "50" of the First Amended Complaint.

51. Denies the allegations contained in paragraph "51" of the First Amended Complaint.

## COUNT IV

52. Repeats and realleges each denial or admission contained in paragraphs 1 though 51.

53. Denies the allegations contained in paragraph "53" of the First Amended Complaint.

54. Denies the allegations contained in paragraph "54" of the First Amended Complaint.

55. Denies the allegations contained in paragraph "55" of the First Amended Complaint.

56. Denies the allegations contained in paragraph "56" of the First Amended Complaint.

## COUNT V

57. Repeats and realleges each denial or admission contained in paragraphs 1 though 56.

58. Denies the allegations contained in paragraph "58" of the First Amended Complaint.

59. Denies the allegations contained in paragraph "59" of the First Amended Complaint.

60. Denies the allegations contained in paragraph "60" of the First Amended Complaint.

61. Denies the allegations contained in paragraph "61" of the First Amended Complaint.

## COUNT VI

62. Repeats and realleges each denial or admission contained in paragraphs 1 though 61.

63. Denies the allegations contained in paragraph "63" of the First Amended Complaint.

64. Denies the allegations contained in paragraph "64" of the First Amended Complaint.

65. Denies the allegations contained in paragraph "65" of the First Amended Complaint.

66. Denies the allegations contained in paragraph "66" of the First Amended Complaint.

## COUNT VII

67. Repeats and realleges each denial or admission contained in paragraphs 1 though 66.

68. Denies the allegations contained in paragraph "68" of the First Amended Complaint.

69. Denies the allegations contained in paragraph "69" of the First Amended Complaint.

70. Denies the allegations contained in paragraph "70" of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

71. Plaintiffs' state law claims are barred as plaintiffs failed to satisfy all necessary statutory conditions precedent to assert any state law claims.

## SECOND AFFIRMATIVE DEFENSE

72. Plaintiffs' claims are barred to the extent plaintiffs seek to hold the County liable for the acts of the unnamed individual defendants, and such individuals enjoy absolute or qualified immunity from suit.

## THIRD AFFIRMATIVE DEFENSE

73. Plaintiffs' claims are barred by reason of the absence of any actionable County policy.

### FOURTH AFFIRMATIVE DEFENSE

74. The County cannot be held liable for the actions of its employees on a theory of *respondeat superior*.

### FIFTH AFFIRMATIVE DEFENSE

75. Plaintiffs' claims must be barred as they are not based upon an action by an official whose edicts or acts may fairly be said to represent official County policy.

### SIXTH AFFIRMATIVE DEFENSE

76. In the event plaintiff has already recovered, in whole or in part, for the injuries alleged in the complaint, then plaintiff's claims barred due to an arbitration and award.

### SEVENTH AFFIRMATIVE DEFENSE

77. In the event plaintiffs have already recovered, in whole or in part, for the injuries alleged in the complaint, then plaintiff's claims are barred by operation of the doctrine of collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

78. That to the extent applicable, defendant is entitled to the benefits of ARTICLES 45 and 50(b) of the CPLR regarding collateral source payments and/or structured judgment.

### NINTH AFFIRMATIVE DEFENSE

79. The injuries and/or damages sustained, if any, at the time and place alleged in the complaint, were in whole or in part the result of the alleged injured party's(ies) own culpable conduct.

### TENTH AFFIRMATIVE DEFENSE

80. In the event plaintiffs have already recovered, in whole or in part, for the injuries alleged in the complaint, then plaintiffs are estopped from asserting the claims alleged in the First Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

81. Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

### TWELFTH AFFIRMATIVE DEFENSE

82. In the event plaintiffs has already recovered, in whole or in part, for the injuries alleged in the First Amended Complaint, then plaintiffs' claims are barred by operation of the doctrine of judicial estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

83. If there has been any injuries or damages as alleged in the First Amended Complaint, upon information and belief, such injuries and damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of some other party or persons, firm or corporation, his, her, its or their agents, servants or employees over whom defendant had no control and for whose carelessness, negligence or want of care defendant was not and is not responsible or liable.

## FOURTEENTH AFFIRMATIVE DEFENSE

84. This action is barred, in whole or in part, because of a failure to comply with the Prison Litigation Reform Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims for damages and attorney fees are barred in whole or in part by the limitations imposed by the Prison Litigation Reform Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

86. To the extent there has been a recovery for the damages alleged herein, the action is barred by *res judicata*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

87. The action is barred in whole or in part by operation of the Statute Of Limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

88. In the event plaintiffs settled the claims raised in the first Amended Complaint then defendant is entitled to application of GENERAL OBLIGATIONS LAW §15-108.

## NINETEENTH AFFIRMATIVE DEFENSE

89. In the event plaintiffs settled the claims raised in the First Amended Complaint, then plaintiffs' claims are barred by release.

**WHEREFORE**, defendant the County of Rockland demands judgment dismissing the plaintiffs' First Amended Complaint, together with the costs and disbursements of this action.

Dated:    New York, New York
          January 15, 2008

Respectfully yours, etc.,
SARETSKY KATZ DRANOFF & GLASS, L.L.P.

By: _____
    Eric Dranoff (ED7892)
    Attorneys for Defendant
    THE COUNTY OF ROCKLAND
    Office and P.O. Address:
    475 Park Avenue South
    New York, New York  10016
    (212) 973-9797

To:

LENIHAN & ASSOCIATES, L.L.C.
Attorneys for Plaintiffs
235 Main Street
White Plaints, N.Y. 10601
(914) 949-8855

ROSENBERG CALICA & BIRNEY, L.L.P.
Attorneys for Defendants
Town of Clarkstown, Michael Sullivan
Joanne Brogna
100 Garden City Plaza, Suite 408
Garden City, New York 11530

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                        ss.:
COUNTY OF NEW YORK )

Dorothy Beriss, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in Queens County, New York; that on the 15th day of January, 2008, deponent, on behalf of defendant THE COUNTY OF ROCKLAND, served one copy of the within **ANSWER** upon:

LENIHAN & ASSOCIATES, L.L.C.
Attorneys for Plaintiffs
235 Main Street
White Plaints, NY  10601
(914) 949-8855

ROSENBERG CALICA & BIRNEY, L.L.P.
Attorneys for Defendants
Town of Clarkstown, Michael Sullivan
Joanne Brogna
100 Garden City Plaza, Suite 408
Garden City, NY  11530

at the address designated by said parties for that purpose, depositing same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care of the United States Post Office in New York.

_____
Dorothy Beriss

Sworn to before me this
15th day of January, 2008

_____
Notary Public

JACK RAMOS
Notary Public, State of New York
No. 01RA6046532
Qualified in Nassau County
Commission Expires August 14, 20 10